NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ESMAT ZAKLAMA,

   Plaintiff,

v.

            CIVIL NO. 03-4654 (GEB)

ARMANDO C. HERNANDEZ, et al.,

   Defendants.      **MEMORANDUM OPINION**

**BROWN, Chief United States District Judge**

  This matter comes before the Court upon a Motion by Defendants, the Honorable Armando C. Hernandez, Julio Morejon, George Campen, City of West New York, Mayor of West New York, West New York Building Department, Carmela Riccie, Cecilia Perez, Deizy Bello, Silvio Acosta and Does 1-50 (hereinafter "Defendants") for Summary Judgment pursuant to Fed. R. Civ. P. 56.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  The Court, having considered the parties' submissions and having decided this matter without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons discussed below, will grant in part Defendants' Motion for Summary Judgment.

**I.  BACKGROUND**

  Plaintiff Esmat Zaklama (hereinafter "Plaintiff") brought this civil action in response to a Municipal Court Complaint, arrest warrant and subsequent fines imposed upon Plaintiff by the City of West New York, New Jersey via the West New York Building Department.  Plaintiff's Complaint appears to allege as follows.  At some unspecified time prior to March 8, 2001,

members of the West New York, New Jersey Building Department entered 5707 Hudson Street, Number Four, West New York, New Jersey "without cause." (Complaint, ¶ 24). Although Plaintiff "did not own" the residence in question (*id*. at ¶¶ 15, 21, 45), he was nevertheless held responsible for the building violations allegedly discovered by the Building Department. No written notices of violation(s) were issued, and no time frame to correct the situation was given to Plaintiff. (*Id*. at ¶ 16). Instead, a West New York Municipal Complaint was issued. (*Id*. at ¶ 17). Although the Complaint contained an appearance date, it was mailed to an address that was not Plaintiff's. (*Id.*). A judgment was thereafter entered by then West New York Municipal Court Judge Armando C. Hernandez in the amount of $7,500.00. (*Id.*). Although Plaintiff was not the owner of the property in question, the judgment was nevertheless entered in his name. (*Id.*). Thereafter, an arrest warrant was issued for non-payment, and Plaintiff was forced to pay "bail" in the amount of $7,500.00. (*Id.*).

## II. SUMMARY JUDGMENT STANDARD

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Like Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prod. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to

return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255-56.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the non-moving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id., "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586, n.12; see also Anderson, 477 U.S. at 247-48 ("[B]y its very terms, this standard provides that the mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion . . . the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original).

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324: see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant" but rather must exceed the 'mere scintilla' threshold.), cert. denied, 507 U.S. 912 (1993). Here, the material facts are undisputed, and thus, the matter is ripe for summary judgment.

**III. ANALYSIS**

   **A. Defendants, The Honorable Armando C. Hernandez, Cecilia Perez and Deizy Bello, Have Absolute Immunity from Civil Suits Arising from Conduct Occurring Within the Scope of Their Employment**

It is well established that judges are generally "immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9 (1991). The doctrine of judicial immunity is based upon a theory that a judge, in performance of his or her duties, should be free to act as is necessary under color of title without threat of suit for damages. See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872). This immunity applies to § 1983 actions as well. Pierson v. Ray, 386 U.S. 547, 554 (1967).

The Supreme Court has made clear that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts . . ." Stump v. Sparkman, 435

U.S. 349, 355-56 (1978) (quoting Bradley at 351). The Third Circuit took the additional step of determining that judges of limited jurisdiction, such as New Jersey municipal court judges, are entitled to judicial immunity as well. Figueroa v. Blackburn, 208 F.3d 435, 441 (3d Cir. 2000).

The Supreme Court has defined judicial immunity as absolute and only able to be overcome in two sets of circumstances. First, a judge is not immune from liability for non judicial acts. Second, a judge is not immune for judicial actions that are taken without jurisdiction. Mireles at 11-12.

Here, Plaintiff has failed to demonstrate that Defendant Judge Hernandez's actions were either non judicial or outside his scope of jurisdiction. As such, Plaintiff's claims against Defendant Judge Hernandez must be dismissed as he is absolutely immune.

Additionally, courts have held that absolute judicial immunity is extended to "those non judicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge." Byrd v. Cubbage, 1992 WL 309681 (E.D.Pa. 1992) (citing DeFerro v. Coco, 719 F.Supp. 379, 381 (E.D.Pa. 1989); Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969)).

In this case, Cecilia Perez, bookkeeper for the West New York Municipal Court and Deizy Bello, Court Administrator for same, were attending to their duties during work hours when Plaintiff placed repeated phone calls to the courthouse which Defendants Bello and Perez answered. (Defs' Statement of Facts, p. 3). They were also acting within their duties when they informed Defendant Judge Hernandez of the number and nature of Plaintiff's calls. Those actions, being the extent of Defendants Perez and Bello's involvement regarding Plaintiff and the instant civil action, are absolutely protected under judicial immunity. The claims against Defendants Perez and Bello shall therefore be dismissed.

### B. Municipal Prosecutor Julio Morejon's Actions, if any, are Protected by Absolute Prosecutorial Immunity

Prosecutors have also long enjoyed absolute immunity from civil rights actions seeking damages caused by unlawful prosecution. The Supreme Court held that a state prosecuting attorney who acts within the scope of his duties is absolutely immune " . . .even where he acts without a good faith belief that any wrongdoing has occurred." Imbler v. Pachman, 424 U.S. 409, 431 (1976); Michael v. State of New Jersey, 222 F.3d 118 (3d Cir. 2000) (holding that prosecutors are immune from § 1983 cases brought by aggrieved individuals).

Here, Plaintiff's Complaint fails to allege any material facts regarding Defendant Morejon. Further, any facts that Plaintiff could potentially allege would most likely fail to reduce or eliminate Prosecutor Morejon's immunity. Plaintiff's claims against Defendant Morejon must therefore be dismissed.

### C. Mayor Albio Sires, Attorney George Campen and Town Clerk Carmela Riccie are Protected from Liability for Civil Damages Pursuant to Qualified Immunity

"The doctrine of qualified immunity 'hold[s] that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Doe v. County of Centre, P.A., 242 F.3d at 453-54 (3d Cir. 2001) (quoting Harlow v. Fitgerald, 457 U.S. 800, 818 (1982)). In determining whether a defendant is immune from suit, the Court must determine: i) whether the plaintiffs alleged a violation of their statutory or constitutional rights; ii) whether the right alleged to have been violated was clearly established in the existing law at the time of the violation; and iii) whether a reasonable official should have known that the alleged action violated the plaintiffs' rights.

See id. at 454 (quoting Rouse v. Plantier, 182 F.3d 192, 196-97 (3d Cir. 1999)); see also Michaels v. New Jersey, 222 F.3d 118, 121 (3d Cir. 2000) (citations omitted). The determination of whether a defendant is entitled to a defense of qualified immunity is a question of law for the Court to decide. See Michaels, 222 F.3d at 121 (citation omitted).

### 1. Mayor of West New York Albio Sires

In his Complaint, Plaintiff asserts that West New York Mayor Albio Sires was notified by Plaintiff of the situation, and made no effort to correct said situation. (Complaint, ¶ 31).

However, there is no evidence that shows that any actions Defendant Sires has taken affected Plaintiff's statutory or constitutional rights. Specifically, Defendant Sires has never had involvement in policies governing the West New York Building Department. Further, Defendant Sires has never been made aware of any complaints filed with said department, and has never maintained control or input regarding the actions of the Municipal Court.

Although Plaintiff does assert that he had spoken with Defendant Sires previously regarding the actions of the building department and the Municipal Court, that conversation does not prove that Defendant Sires' previous actions or conduct violated Plaintiff's constitutional rights.

As Plaintiff fails to satisfy the third prong of the test set forth by the Third Circuit, Defendant Sires is immune from liability. Therefore, all claims against Defendant Sires must be dismissed.

### 2. Attorney George Campen

The only act Defendant Campen is alleged to have committed in Plaintiff's Complaint is that Defendant Campen was forwarded a copy of Plaintiff's Notice of Claim which he thereafter ignored. (Complaint, ¶ 14).

However, this act fails to violate Plaintiff's constitutional rights as the function of a Notice of Claim is simply to notify the intention of a party to file a claim against a public entity under the New Jersey Municipal Tort Claims Act. Such a notice is to be filed with the Clerk of the Town, not the Town Attorney. Any notice to the Town Attorney is simply to warn said attorney that a suit is forthcoming. The action of Defendant Campen to ignore the Notice of Claim provided by Plaintiff did not violate Plaintiff's constitutional rights.

Plaintiff fails to satisfy the third prong of Centre and as such, Defendant Campen is immune from liability. Accordingly, all claims against Defendant Campen shall be dismissed.

### 3. Town Clerk Carmela Riccie

Plaintiff's Complaint is devoid of any facts or actions regarding Defendant Riccie, and there is no evidence set forth by Plaintiff showing an action by Defendant Riccie which violated Plaintiff's constitutional rights. Therefore, Plaintiff fails to satisfy the third prong of Centre and as such, Town Clerk Carmela Riccie is immune from liability. All claims against Defendant Riccie will be dismissed.

### D. Claims Against the City of West New York Shall be Dismissed as said Defendant Cannot be held Liable under a Respondeat Superior Theory of Liability

Defendant City of West New York may be liable for the alleged misconduct of its employees if Plaintiff can show that the town established a policy, practice or custom followed by said employee. Monell v. Dept. of Social Servs. of New York, 436 U.S. 658, 691 (1978); MB v. City of Philadelphia, 2003 WL 733879 (E.D.Pa. 2003) (utilizing same standard to state law claims). Defendants will not be held liable under a respondeat superior theory of liability, however. Monell at 663. Moreover, "when a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged [action] implements or executes a policy,

8

regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); see also Monell at 691.

> A government policy or custom can be established in two ways. Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials are so permanent and well-settled as to virtually constitute law.

Beck at 971; see also Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). A custom may also be established by evidence of knowledge of the misconduct and acquiescence in the continuing action. Fletcher v. O'Donnell, 867 F.2d 791, 793 (3d Cir. 1989).

Here, the facts set forth by Plaintiff regarding Defendant City of West New York are limited to the actions of a building inspector and the building department within which he works. This single allegation regarding one "particular [employee who] may be unsatisfactorily trained will not alone suffice to fasten liability on the city." City of Canton v. Harris, 489 U.S. 378, 379 (1988). Nor do Plaintiff's allegations against one building inspector reflect Defendant City of West New York policies, practices or customs. Plaintiff offers no evidence whatsoever which links that employee's actions with any instruction, overt or covert, from Defendant City of West New York. To impose liability in such circumstances would place Defendant City of West New York in a respondeat superior position of liability for every action of every town employee. This is clearly disallowed pursuant the Supreme Court's holding in Monell.

As such, there are no questions of material facts and Defendant City of West New York is entitled to judgment as a matter of law. All claims against Defendant City of West New York shall therefore be dismissed.

### E. Counts Two and Three of Plaintiff's Complaint Shall be Dismissed for Lack of Standing

Count Two of Plaintiff's Complaint asserts a cause of action for "illegal entry of home." Specifically, Count Two alleges that Defendant Acosta, a West New York building inspector, had illegally entered the property in question. Count Three of Plaintiff's Complaint asserts a cause of action for "invasion of privacy", in which Plaintiff argues that the illegal entry of the property in question resulted in an invasion of Plaintiff's privacy. Counts Two and Three, however, are not cognizable based upon Plaintiff's assertions in his Complaint that he was not the owner of the property in question, and as a result, was wrongly fined and incarcerated.

#### i. *standing to assert property rights*

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. Amend. IV. It is well-settled that the Fourth Amendment protects both property and privacy interests. Soldal v. Cook County Illinois, 506 U.S. 56 (1992). It is also clear that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Brown v. United States, 411 U.S. 223 (1973). In determining whether standing exists, the law does not require that a litigant prove that his rights were actually violated to achieve standing. Rakas v. Illinois, 439 U.S. 128 (1978). Rather, the litigant must merely allege an injury in fact. Id. Thus, to determine whether Plaintiff has standing to bring his Fourth Amendment claims, the Court must assess: (1) whether he asserted his own privacy or property rights under the Fourth Amendment; and (2) whether he alleged an injury in fact.

In determining whether a person has a "legitimate" or "reasonable" expectation of privacy in the place searched is a "fact-bound question," dependent upon the strength of interest in the

property and the nature of control that the person exerts over it.  <u>United States v. Baker</u>, 221 F.3d 438, 442 (3d Cir. 2000).  Here, taking as true the assertions of Plaintiff that he was not the owner or a resident of the property in question, the Court finds that Plaintiff has neither a "legitimate" nor "reasonable" expectation of privacy.

### ii. *standing to assert property rights*

To have standing to bring a § 1983 claim alleging the violation of his property rights under the Fourth Amendment, Plaintiff must: (1) assert his own property rights, and (2) allege an injury in fact.  A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property."  <u>United States v. Jacobsen</u>, 466 U.S. 109 (1984).

Plaintiff fails both prongs of the analysis.  First, as he himself has asserted, Plaintiff maintains absolutely no property rights regarding the property in question.  Second, because he maintains no property rights, there can be no injury in fact to Plaintiff regarding the entrance of the property by the building inspector.  Therefore, as Plaintiff lacks standing to bring either a privacy claim or a property claim under the Fourth Amendment, Counts Two and Three of Plaintiff's Complaint shall be dismissed.

**F.   Defendants Remaining Motions for Summary Judgment Regarding the Dismissal of Counts Eight and Nine, and Regarding Defendants Acosta and the West New York Building Department are Denied**

Defendants remaining basis for summary judgment regarding Defendants Acosta and the West New York Building Department are denied as the actions by said Defendants were the reasons behind the arrest and assessment of costs against Plaintiff, demonstrating a question of material fact if in fact Plaintiff was not the true owner of the property in question.

Further, Plaintiff has demonstrated a question of material fact as to whether the arrest and imposition of costs resulted in emotional distress, intentional or negligent, with regards to the actions of Defendants Acosta and the West New York Building Department, when construing the facts in a light most favorable to Plaintiff.

As such, Defendants are not entitled to judgment as a matter of law with regards to Defendants Acosta, the West New York Building Department or Counts Eight and Nine of Plaintiff's Complaint.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED IN PART.

                                                              s/Garrett E. Brown, Jr.
                                                              **HONORABLE GARRETT E. BROWN, JR.**
                                                              **CHIEF UNITED STATES DISTRICT JUDGE**


Dated:   June 26, 2006